**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William F. CROUCH,
Defendant-Appellant.**

**No. 83–1136.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 1984.

Decided April 19, 1984.

Robert C. Fourr, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

J. Frank McCabe, Goorjian & McCabe, San Francisco, Cal., for defendant-appellant.

Before HUG and FERGUSON, Circuit Judges, and BYRNE,* District Judge.

FERGUSON, Circuit Judge:

William Crouch was convicted by a jury of robbing the Crocker National Bank in

---

* Honorable Wm. Matthew Byrne, Jr., United States District Judge for the Central District of

California, sitting by designation.

Sunnyvale, California, under 18 U.S.C. § 2113(a) & (d). He raises several issues on appeal, the majority of which we dispose of by memorandum disposition, filed on this date. This opinion deals with Crouch's contention that certain hearsay testimony was improperly offered by the prosecution, admitted into evidence, and used as substantive evidence. Although we find that the trial judge erred in admitting the testimony, we find the error harmless and affirm Crouch's conviction.

## FACTS

At trial the prosecution offered the testimony of Linda Gonzalez, for whose husband Crouch had worked. Although she was called before a defense was offered, the prosecutor characterized her testimony as rebutting the defendant's denial that he was the robber of the Sunnyvale Crocker Bank. To establish the purpose of her testimony, the trial court held an offer of proof in chambers. There Gonzalez was asked whether she had made certain statements to an FBI agent.[1] She twice denied that she had ever made the statements, and when she testified before the jury she stated that when Crouch telephoned her, he merely asked her to call his attorney. She categorically denied that he told her "to get rid of the truck" or to do "something with the items in the truck."

Crouch was the next witness. On cross-examination he denied telling Gonzalez to get rid of the truck but testified that he "suggested that she move the truck off her property and take it back to Victor Carafa."

The prosecutor then called FBI agent Noel who testified that Gonzalez told him that Crouch told her "to get rid of the truck, and the contents of the truck." Crouch's attorney objected to this testimony as "irrelevant hearsay" but the court admitted it as impeachment of Ms. Gonzalez. No limiting instruction was given to the jury at the time of the testimony. In his closing argument the prosecutor told the jury that FBI agent Noel's testimony "suggests that indeed Mr. Crouch said what the agent told you he said," and that from Crouch's statement, "you can draw

---

1. MR. FOURR [the prosecutor]: MS. GONZALEZ, WE WANT TO HAVE YOU TELL THE JUDGE WHAT I ASK YOU TO TELL THE JURY, AND THAT IS WHEN MR. CROUCH CALLED YOU ON THAT DAY, FIRST OF ALL, DID HE TELL YOU THAT HE HAD BEEN ARRESTED ON SUSPICION OF COMMITTING A BANK ROBBERY IN SUNNYVALE?
 THE WITNESS: UH–HUH. YES.
 MR. FOURR: AND THEN DID HE REQUEST YOU TO CONTACT HIS ATTORNEYS?
 THE WITNESS: YES, HE DID.
 MR. GLASS: CAN I ASK THEM NOT—FOR THE WITNESS NOT TO BE LED?
 THE COURT: OKAY.
 JUST ASK HER WHAT HE SAID.
 MR. FOURR: ALL RIGHT. AND THEN WHAT ELSE DID HE ASK YOU, OR REQUEST YOU TO DO?
 THE WITNESS: THAT'S ABOUT IT. THERE WAS NOTHING ELSE OTHER THAN TO CALL HIS ATTORNEY.
 MR. FOURR: DID HE—
 I THINK I'LL NEED, AT THIS POINT, TO IMPEACH MY WITNESS.
 DID HE ALSO ASK YOU TO GET RID OF A TRUCK, AND DO SOMETHING WITH SOME ITEMS THAT WERE INSIDE THE TRUCK?
 THE WITNESS: NO, HE DID NOT.
 MR. FOURR: WELL YOUR HONOR, I THINK I'M ENTITLED TO—
 THE COURT: IS IT WORTH ALL THIS? IF YOU WANT TO I GUESS YOU CAN PUT HER ON, AND THEN CALL THE FBI AGENT. I MEAN IS IT THAT BIG A DEAL?
 IF YOU WANT TO DO IT I GUESS YOU'RE ENTITLED TO DO IT, DRAW THE INFERENCE, BUT . . .
 SO IF THAT'S WHAT YOU WANT TO DO, THAT'S WHAT—PUT HER ON, LET HER TESTIFY, AND THEN YOU CAN BRING THE AGENT IN TOMORROW.
 NOW WHAT'S YOUR NEXT REBUTTAL WITNESS? IS IT LIKE THIS?
 MR. FOURR: NO, NO. IT'S AN EX— RETIRED FBI AGENT WHO OBSERVED THE FILM FROM THE BANK.
 THE COURT: ALL RIGHT. LET'S GO.
 THE WITNESS: CAN I SAY SOMETHING TO THAT QUESTION?
 THE COURT: SURE.
 THE WITNESS: GOD IS MY WITNESS THAT HE DID NOT ASK ME THAT.
 THE COURT: OKAY.

the inference of a guilty mind."[2] In its closing instructions the court said that "earlier contradictory statements are admissible only to impeach the credibility of the witness and not to establish the truth of those earlier contradictory statements, if any." He did not refer to Gonzalez' or the FBI agent's testimony. Crouch's counsel did not mention Gonzalez in his closing argument nor did he ask for a special instruction limiting the FBI agent's testimony.

## DISCUSSION

 It is elementary that statements made outside the courtroom and offered to prove the truth of those statements are hearsay. Fed.R.Evid. 801, 802. Hearsay statements may be admissible to impeach a declarant who subsequently testifies at trial, but are not admissible as substantive evidence against a defendant. *United States v. Ragghianti*, 560 F.2d 1376, 1381 (9th Cir.1977). Because of the recognized conceptual difficulties juries may have in distinguishing testimony admissible for impeachment from testimony admissible for its substance, "the maximum legitimate effect of the impeaching testimony can never

be more than the cancellation of the adverse answer by which the party is surprised." *Id.* (quoting *United States v. Cunningham*, 446 F.2d 194, 197 (2d Cir.), *cert. denied*, 404 U.S. 950, 92 S.Ct. 302, 30 L.Ed.2d 266 (1971)). Consequently, "[a] party 'is not permitted to get before the jury, under the guise of impeachment, an ex parte statement of [a] witness, by calling him to the stand when there is good reason to believe he will decline to testify as desired, and when in fact he only so declines.'" *Bushaw v. United States*, 353 F.2d 477, 481 (9th Cir.1965), *cert. denied*, 384 U.S. 921, 86 S.Ct. 1371, 16 L.Ed.2d 441 (1966) (quoting *United States v. Kuhn*, 24 F.2d 910, 913 (9th Cir.), *modified on other grounds*, 26 F.2d 463, *cert. denied*, 278 U.S. 605, 49 S.Ct. 11, 73 L.Ed. 532 (1928)). *See also United States v. Whitson*, 587 F.2d 948, 952–53 (9th Cir.1978) (error to permit government "to proceed to impeach its own induced statements with inadmissible evidence.").

In this case the prosecution offered the testimony of FBI agent Noel to impeach a statement of Gonzalez which was elicited by the prosecution after a direct and cer-

2. NOW THERE'S ONE PIECE OF EVIDENCE I DIDN'T TELL YOU ABOUT DURING MY OPENING, AND THAT WAS THE TELEPHONE CALL OF MR. CROUCH TO LINDA GONZALEZ. LINDA GONZALEZ SAID MR. CROUCH DID CALL HER AFTER HE WAS ARRESTED. LINDA GONZALEZ SAID THAT MR. CROUCH SAID HE HAD BEEN ARRESTED ON SUSPICION OF A BANK ROBBERY.

THERE—THEN WE HAVE A VERY SIGNIFICANT DIVERGENCE BETWEEN WHAT MRS. GONZALEZ SAYS SHE SAID AND WHAT THE AGENT WHO INTERVIEWED HER, MR. NOEL, SAYS SHE SAID. IT'S GOING TO BE UP TO YOU TO JUDGE WHICH ONE IS TELLING THE TRUTH; WHICH ONE HAS THE MOTIVE, WHICH ONE IS THE LONG-TIME SOCIAL FRIEND OF MR. CROUCH, WHICH ONE—YOU SAW THEM THERE ON THE STAND; WHICH ONE'S DEMEANOR, WHAT THEY HAD TO SAY, WHICH ONE TELLS YOU—WHO IS TELLING THE TRUTH.

I SUBMIT MR. NOEL WAS TELLING THE TRUTH, AND THAT MRS. GONZALEZ DID TELL HIM ON THAT DAY, WHEN HE—AUGUST 14TH, WHEN HE WENT OUT TO THAT HOUSE, THAT MR. CROUCH HAD CALLED, HE HAD SAID TO GET RID OF

THE TRUCK, AND TO GET RID OF SOME OF THE STUFF IN IT.

AND AGAIN—THEN THE TESTIMONY COMES BACK TOGETHER. MRS. GONZALEZ SAID YES, ONE OF THE LICENSE PLATES HAD BEEN REMOVED, OR WAS BEING REMOVED; YES, SHE TOOK THE AGENT OVER AND SHOWED HIM ARTICLES IN THE TRUNK THAT HAD BEEN REMOVED FROM THE TRUNK OF HER CAR THAT HAD BEEN REMOVED FROM THE TRUCK. THAT, IN AND OF ITSELF, SUGGESTS THAT INDEED MR. CROUCH SAID WHAT THE AGENT TOLD YOU HE SAID.

NOW WHAT'S THE SIGNIFICANCE OF THIS? THE GOVERNMENT DIDN'T PROVE THAT THOSE ITEMS SEIZED WERE RELEVANT TO THIS BANK ROBBERY, BUT I SUBMIT TO YOU THAT THAT CALL FROM MR. CROUCH SAYING "GET RID OF THAT STUFF," THAT FROM THAT YOU CAN DRAW THE INFERENCE OF A GUILTY MIND.

YOU DON'T HAVE TO DRAW THAT INFERENCE, IT'S UP TO YOU, BUT THAT IS THE LOGICAL, THE MOST LOGICAL EXPLANATION.

tain denial in voir dire. *See* note 1. In court the agent testified that Gonzalez told him that Crouch said to get rid of the truck. The purpose of this testimony, according to the prosecutor, was to impeach Gonzalez. On appeal, the government argues that the testimony was properly used to impeach both Gonzalez and Crouch.

 Rule 607 of the Federal Rules of Evidence provides that the credibility of a witness may be impeached by the party calling her or him. Nevertheless, courts have repeatedly emphasized that the government must not "knowingly elicit testimony from a witness in order to impeach him with otherwise inadmissible testimony." *United States v. DeLillo,* 620 F.2d 939, 946 (2d Cir.1980). *See United States v. Whitson,* 587 F.2d at 953; *United States v. Rogers,* 549 F.2d 490, 497 (8th Cir.1976), *cert. denied,* 431 U.S. 918, 97 S.Ct. 2182, 53 L.Ed.2d 229 (1977); *United States v. Morlang,* 531 F.2d 183, 189 (4th Cir.1975); *Bushaw v. United States,* 353 F.2d at 481 (decided prior to the enactment of Rule 607). Prior to Gonzalez' testimony, the government knew that she would deny the accuracy of Agent Noel's version of her statement to him. Nevertheless, it is apparent that the government elicited her version for the purpose of admitting the hearsay statement of the FBI agent. There was little else of relevance in her testimony.

The government argues that the impeachment testimony of the FBI agent shows Crouch's consciousness of guilt, and so was proper rebuttal evidence against him. That contention shows that the testimony was intended to be used against Crouch, rather than to impeach Gonzalez' credibility. We conclude that it was error to allow the government to misuse Gonzalez' testimony as a "subterfuge" to get otherwise inadmissible testimony before the jury.

The agent's testimony could not have been admitted to impeach Crouch directly because he did not hear what Crouch said to Gonzalez. Agent Noel's testimony was classic hearsay—a statement made by one person to another introduced to prove what a third person said and thought. The testimony was not only hearsay, but "hearsay of the worst variety, incapable of being countered by direct evidence." *United States v. Ragghianti,* 560 F.2d at 1380 (quoting *United States v. Cunningham,* 446 F.2d at 200 (Oakes, J., concurring in part and dissenting in part)).

We are not convinced, however, that a substantial right of the defendant has been affected by the erroneous admission of this testimony. Fed.R.Evid. 103(a). The admissible evidence clearly demonstrated the defendant's guilt. The testimony for which the government overzealously sought admission could have had "but very slight effect" on the jury. *See Kotteakos v. United States,* 328 U.S. 750, 764–65, 66 S.Ct. 1239, 1247–48, 90 L.Ed. 1557 (1946).

The conviction is AFFIRMED.