**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Clinton WEBSTER,**
**Defendant-Appellant.**

**No. 82–2195.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 5, 1984.

Decided May 9, 1984.

---

Richard Doyle, Danville, Ill., for defendant-appellant.

Frances C. Hulin, Asst. U.S. Atty., Danville, Ill., for plaintiff-appellee.

Before ESCHBACH, POSNER and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

The defendant, Webster, was convicted of aiding and abetting the robbery of a federally insured bank and receiving stolen bank funds, was sentenced to nine years in prison, and appeals. Only one issue need be discussed. The government called the bank robber, King (who had pleaded guilty and been given a long prison term), as a witness against Webster. King gave testimony that if believed would have exculpated the defendant, whereupon the government introduced prior inconsistent statements that King had given the FBI inculpating Webster. Although the court instructed the jury that it could consider the statements only for purposes of impeachment, Webster argues that this was not good enough, that the government should not be allowed to get inadmissible evidence before the jury by calling a hostile witness and then using his out-of-court statements, which would otherwise be inadmissible hearsay, to impeach him.

Rule 607 of the Federal Rules of Evidence provides: "The credibility of a witness may be attacked by any party, including the party calling him." But it would be an abuse of the rule, in a criminal case, for the prosecution to call a witness that it knew would not give it useful evidence, just so it could introduce hearsay evidence against the defendant in the hope that the jury would miss the subtle distinction between impeachment and substantive evidence—or, if it didn't miss it, would ignore it. The purpose would not be to impeach the witness but to put in hearsay as substantive evidence against the defendant, which Rule 607 does not contemplate or authorize. We thus agree that "impeachment by prior inconsistent statement may not be permitted where employed as a mere subterfuge to get before the jury evidence not otherwise admissible." *United States v. Morlang*, 531 F.2d 183, 190 (4th Cir. 1975). Although *Morlang* was decided before the Federal Rules of Evidence became effective, the limitation that we have quoted on the prosecutor's rights under Rule 607 has been accepted in all circuits that have considered the issue. See, e.g., *United States v. Miller*, 664 F.2d 94, 97 (5th Cir.1981); *United States v. DeLillo*, 620 F.2d 939, 946 (2d Cir.1980); *Whitehurst v. Wright*, 592 F.2d 834, 839–40 (5th Cir.1979); *United States v. Rogers*, 549 F.2d 490, 497 (8th Cir.1976). We agree with these decisions. See also *United States v. Gorny*, 732 F.2d 597, 603–04 (7th Cir.1984).

But it is quite plain that there was no bad faith here. Before the prosecutor called King to the stand she asked the judge to allow her to examine him outside the presence of the jury, because she didn't know what he would say. The defendant's

counsel objected and the voir dire was not held. We do not see how in these circumstances it can be thought that the prosecutor put King on the stand knowing he would give no useful evidence. If she had known that, she would not have offered to voir dire him, as the voir dire would have provided a foundation for defense counsel to object, under *Morlang,* to the admission of King's prior inconsistent statements.

Webster urges us, on the authority of Graham, Handbook of Federal Evidence § 607.3 (1981 and Supp.1983), to go beyond the good-faith standard and hold that the government may not impeach a witness with his prior inconsistent statements unless it is surprised and harmed by the witness's testimony. But we think it would be a mistake to graft such a requirement to Rule 607, even if such a graft would be within the power of judicial interpretation of the rule. Suppose the government called an adverse witness that it thought would give evidence both helpful and harmful to it, but it also thought that the harmful aspect could be nullified by introducing the witness's prior inconsistent statement. As there would be no element of surprise, Professor Graham would forbid the introduction of the prior statements; yet we are at a loss to understand why the government should be put to the choice between the Scylla of forgoing impeachment and the Charybdis of not calling at all a witness from whom it expects to elicit genuinely helpful evidence. The good-faith standard strikes a better balance; and it is always open to the defendant to argue that the probative value of the evidence offered to impeach the witness is clearly outweighed by the prejudicial impact it might have on the jury, because the jury would have difficulty confining use of the evidence to impeachment. See Fed.R.Evid. 403.

The judgment of conviction is

AFFIRMED.