UNITED STATES, Appellee,

v.

Alvin W. DODSON, Jr., Private First Class U.S. Marine Corps, Appellant.

No. 47,612.
NMCM 82–3623.

U.S. Court of Military Appeals.

July 14, 1986.

For Appellant: *Kathleen J. Purcell, Esq.* (argued); *Joseph Remcho, Esq.* and *Captain David C. Larson, JAGC, USN* (on petition).

For Appellee: *Lieutenant Bradford H. Roberts, JAGC, USNR* (argued); *Captain Carl H. Horst, JAGC, USN.*

*Opinion of the Court*

*On Petition for Reconsideration*

PER CURIAM:

Appellate defense counsel requested that this Court reconsider its decision to affirm without oral argument part of the findings of guilty, and the sentence, in appellant's case. *See United States v. Dodson,* 21 M.J. 237 (C.M.A. 1986). We granted oral argument specifying the correctness of our earlier decision as the question to be resolved. After due consideration, we again affirm our prior disposition of the decision of the lower court. *United States v. Dodson,* 16 M.J. 921 (1983).

The Court of Military Review noted the testimony of Private Daniel Robbins which

is the challenged evidence that is said to be unduly prejudicial. *See* Mil.R.Evid. 403, Manual for Courts-Martial, United States, 1969 (Revised edition).

> Private Robbins testified as to two statements made by PFC Garrett out of the presence of appellant. On the first occasion, PFC Garrett stated, *"It does look bad because I did have a knife with me that night."* On the second occasion, Private Robbins overheard a jail cell soliloquy of PFC Garrett in which he stated, *"I wish I wouldn't have brought the knife that night ... nobody was supposed to get hurt."*

*United States v. Dodson, supra* at 927 (emphasis added). Garrett, a co-accused in this case, had been previously tried and convicted for these offenses. He was called as a government witness in this case and, *inter alia*, he denied that he had a knife on the night of the killing and that he ever said that he had a knife. On cross-examination by defense counsel, he again repeated his denial that he had a knife or any other weapon.

Defense counsel objected to the Government's calling Private Robbins as a witness to testify to certain incriminating statements purportedly made by Private First Class Garrett. Trial counsel responded with the following:

> The Government would note several things about the argument presented by the defense on this matter: The defense cited a Military Rule of Evidence, that is 801D, and the requirements which Rule 801D places upon the consideration of otherwise inadmissible hearsay for substantive purposes. The Government would note that it is its position that this hearsay is not admissible under 801 as an exception to the hearsay rule for consideration by the court-martial members on the substantive issues before this Court. It's the Government's position that this evidence is admissible under Rule 613 as an impeachment of this witness regarding whatever denials he may choose to make of certain facts. The Government believes that it is proper impeachment, that it is recognized as proper impeach-

ment in two of the cases cited by the defense, that is the *TAVAROS* and *MARTIN* cases, and in several cases which the Government will also cite.

> \*　　\*　　\*　　\*　　\*　　\*

> The Government would note that in the present DODSON case PFC GARRETT does deny certain facts that the Government can contradict with prior inconsistent statements. They will go not to DODSON's participation but to GARRETT's.

> Now, the Government would return now to the question of just what PFC GARRETT is going to say. The Government has made, or attempted to make it clear, that it is by no means certain what PFC GARRETT is going to say. It has been properly prevented from discussing this offense with PFC GARRETT. The Government has discussed the matter with PFC GARRETT, and the Government is aware of PFC GARRETT's previous testimony. On the basis of that, it's the Government's belief that GARRETT will voluntarily and willingly provide some information which will be pertinent and helpful to the Government's case. It's anticipated that he may well continue to deny some aspects of his activities on the morning of 1 June. If he does so, and the Government is or believes he may, but is by no means certain, then the Government would contend that his statements in this courtroom may be properly admitted under Rule 613, that is may be properly contradicted under Rule 613 by his prior statements which are inconsistent with his testimony.

The military judge made the following ruling concerning the defense counsel's objection to the testimony of Private Robbins as to out-of-court statements of the co-accused Garrett:

> It's the court's ruling based upon the cases cited by the trial counsel that the Government may impeach PFC GARRETT by calling Private ROBBINS to testify with regard to the statement that

was allegedly made according to ROB-BINS by PFC GARRETT one night while confined. The cases cited by the Government essentially indicate the law which the court feels relevant in this particular case. It appears to the court that the Government under the new military rules of evidence is permitted to impeach its own witnesses by introducing prior inconsistent statements of the witness. I have balanced the probative value against the unfair prejudicial effect, if any of such evidence, and have concluded that it is admissible in this case. The alleged declarant PFC GARRETT will be in trial and will be subject to cross-examination as will the witness who may be testifying regarding the statement. I consider that a limiting instruction is, of course, required, and I will give one taken from Paragraph 17.08 of the federal jury instruction book. Any questions with regard to the court's ruling?

▇▇▇ We have again reviewed this record of trial for evidence of bad faith on the part of the prosecution in calling Private Garrett as a witness. *See United States v. Crouch*, 731 F.2d 621, 624 (9th Cir. 1984), *cert. denied*, 469 U.S. 1105, 105 S.Ct. 778, 83 L.Ed.2d 773 (1985). The prosecution's pretrial refusal to accept a defense proffered stipulation of fact as to appellant's presence at the crime scene on the night in question, in lieu of Garrett's testimony, does not indicate bad faith. This stipulation was offered for speedy-trial purposes, and it was extremely limited in comparison with Garrett's later trial testimony. *See Tennessee v. Street*, 471 U.S. 409, 105 S.Ct. 2078, 2082–83, 85 L.Ed.2d 425 (1985). Moreover, the prosecution was not required to forfeit its right to call Garrett, a clearly material witness, solely on the basis of a single sworn statement in extenuation and mitigation at his own trial. *See United States v. Webster*, 734 F.2d 1191, 1192–93 (7th Cir. 1984). *Cf. United States v. Hogan*, 763 F.2d 697, 703 (5th Cir.

1985). Finally, even if prosecutorial misconduct were involved in calling Garrett as a witness, reversal is not justified on this basis alone. *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985); *United States v. Crouch, supra.*

▇▇▇ Appellate defense counsel argues that Robbins' testimony concerning Garrett's statements showed Garrett's guilt and further supported a natural inference that appellant, his companion for the evening, was also guilty. We note, however, that a second government witness, Private Stephen Weaver, had earlier testified to appellant's own admission of guilt to these offenses, although he indicated that appellant later attempted to repudiate this admission. Furthermore, he stated that appellant said, "Fuck that swine. I'm glad we did it. He shouldn't have been fucking around with GARRETT anyway." If the members believed Weaver, any potential for undue prejudice flowing from Robbins' testimony would clearly be minuscule. *See Parker v. Randolph*, 442 U.S. 62, 77–78, 99 S.Ct. 2132, 2141–42, 60 L.Ed.2d 713 (1979) (Blackmun, J., concurring in part and concurring in the judgment); *United States v. Gorny*, 732 F.2d 597, 604 (7th Cir. 1984); *see also United States v. Crouch, supra* at 624. More importantly, however, the military judge instructed the members on three occasions, once in great detail, that Robbins' testimony could not be used substantively to establish appellant's guilt. *See United States v. Abel*, 469 U.S. 45, 105 S.Ct. 465, 470, 83 L.Ed.2d 450 (1984); *see also Tennessee v. Street, supra* 105 S.Ct. at 2082; *cf. United States v. Hogan, supra* at 702. We conclude there was no prejudicial error by the military judge under the circumstances of this case.

The petition for reconsideration of this Court's decision (21 M.J. 237) is denied.

Judge SULLIVAN did not participate.