STATE OF NORTH CAROLINA v. MARK TIMOTHY ROARK

No. 8625SC584

(Filed 25 November 1986)

1. **Searches and Seizures § 26— search warrant—bare bones affidavit—evidence not admissible**

   Evidence seized under a search warrant issued pursuant to a "bare bones" affidavit which said only that a reliable and confidential informant personally contacted the applicant with the information was not admissible.

2. **Searches and Seizures § 19— invalid warrant—bare bones affidavit—no good faith exception**

   Evidence seized pursuant to a search warrant based on a "bare bones" affidavit was not admissible under an exception to the exclusionary rule for search warrants issued by a detached and neutral magistrate.

APPEAL by defendant from *Lewis (John B., Jr.), Judge.* Judgment entered 22 January 1986 in Superior Court, CALDWELL County. Heard in the Court of Appeals 18 November 1986.

The defendant was tried for breaking or entering, felonious larceny and possession of stolen property. The defendant made a motion that certain evidence seized during searches of his premises be suppressed. The evidence at the voir dire hearing showed that on 31 January 1985 an officer made an application for a search warrant to a magistrate in Caldwell County. The affidavit in support of the application for the search warrant said:

> That sometime between January, [sic] 25th 1985, and January, [sic] 31, 1985 the Caldwell Christian [S]chool in Hudson was broken into and 2 microscopes (one wolf Bran [sic] and one-ideal Bran [sic] taken.[)] That sometime prior to this application a reliable and confidential informant personally contacted the applicant with the information that the stolen microscopes are in the above described residence of Mark [T]imothy Roark.

The magistrate issued a search warrant based on this affidavit. A search of the defendant's residence was made and the officers found one Ideal microscope. On 4 February the officer applied for a second search warrant for the defendant's premises. On the affidavit he used identical language as in the first search warrant except he said there were two basic dissecting kits on the defend-

ant's premises. The defendant's premises were searched a second time and five dissecting kits were found which were identified as having been stolen from the Caldwell Christian School. The court made findings of fact based on this evidence and held that the search warrants were properly issued. The evidence found as a result of the two searches was admitted.

The defendant was convicted and appealed from the imposition of a prison sentence.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Mabel Y. Bullock, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Leland Q. Towns, for defendant appellant.*

WEBB, Judge.

The defendant assigns error to the admission of the evidence seized as a result of the searches pursuant to the two warrants. We believe this assignment of error has merit.

[1]   Prior to *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed. 2d 527, *reh'g denied,* 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed. 2d 1453 (1983) the evidence would clearly have to be excluded. The affidavits in support of the search warrants are inadequate under *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.ED. 2d 637 (1969). There is nothing in the affidavit which shows the information given by the informant is reliable. *Gates* relaxed the two-pronged test that grew from *Aguilar* and *Spinelli,* i.e., that the affidavit must show both the basis of the informant's knowledge and that he is reliable. It adopted a "totality of circumstances" test, i.e., "whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed. 2d at 548. The Supreme Court made it clear that what it called a "bare bones" affidavit, one which says only that the affiant has received reliable information from a credible person and does believe, is not sufficient for a magistrate to find probable cause for a search.

State v. Roark

Our Supreme Court adopted the totality of circumstances test in *State v. Arrington*, 311 N.C. 633, 319 S.E. 2d 254 (1984). In this case we believe that we are bound by the cases cited above from the United States Supreme Court and the Supreme Court of North Carolina to hold that it was error for the magistrate to issue search warrants based on affidavits which only said a "reliable and confidential informant personally contacted the applicant with the information" that stolen property was on the premises of defendant.

[2] In *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed. 2d 677, *reh. denied*, 468 U.S. 1250, 105 S.Ct. 52, 82 L.Ed. 2d 942 (1984), the United States Supreme Court held that not all evidence obtained by the use of an invalid search warrant should be excluded from evidence. It held that when an officer reasonably relies on a search warrant issued by a detached and neutral magistrate, evidence seized during the search is admissible although the warrant is later determined to be invalid. The Supreme Court said that one instance in which the exception does not apply is when the warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923, 104 S.Ct. at 3421-3422, 82 L.Ed. 2d at 699, quoting *Brown v. Illinois*, 422 U.S. at 610-611, 95 S.Ct. 2254, 45 L.Ed. 2d 416. We believe a reading of the United States Supreme Court cases shows that they consider a "bare bones" allegation such as we have in this case to be so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. For that reason this case would not be an exception to the exclusionary rule. It was error to admit the evidence seized in the searches.

We do not discuss the defendant's other assignment of error because the question it poses may not arise at a new trial.

New trial.

Judges EAGLES and PARKER concur.