FILED

JUL 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10092 |
| Plaintiff - Appellee, | D. C. No. 2:11-cr-00365-PHX-SRB-1 |
| v. | |
| RICHARD FELIX, Jr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted May 14, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and MARBLEY, District
Judge.**

Defendant Richard Felix appeals his criminal conviction for Felon in

Possession of a Firearm and Ammunition under 18 U.S.C. §§ 922(g)(1) and

924(a)(2). Defendant contends that, in admitting at trial the prior out-of-court

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

statements of Sabrina Bernal, a government witness, the district court made two evidentiary errors warranting reversal.

First, Defendant argues that the district court erred by admitting Bernal's prior statements for "impeachment" purposes. Although Federal Rule of Evidence 607 permits the government to impeach its own witness, this Court has admonished that "the government must not knowingly elicit testimony from a witness in order to impeach him with otherwise inadmissible testimony." *U.S. v. Gomez-Gallardo*, 915 F.2d 553, 555 (9th Cir. 1990) (quoting *U. S. v. Whitson,* 587 F.2d 948, 952-53 (9th Cir. 1978)). Here, the record does not indicate either that the government knew Bernal would change her testimony, or that its primary purpose in calling Bernal was to get her prior statements in front of the jury under the guise of impeachment. *See id.*; *U.S. v. Crouch,* 731 F.2d 621, 623 (9th Cir. 1984), *cert. denied,* 469 U.S. 1105 (1985). Thus, there is no basis for reversal on these grounds.

Defendant also contends that the district court erred in overruling Defendant's Fed. R. Evid. 403 objection to Bernal's prior statements incriminating Felix. We review for an abuse of discretion a court's decision that the probative value of evidence exceeds its potential for unfair prejudice. *U.S. v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007). The Rule 403 ruling here was within the district

court's discretion because Bernal's testimony denying that she had made prior incriminating statements was sufficiently damaging to permit the government to impeach her with those prior statements. Therefore, there was no error.

Finally, Defendant initially appealed his sentence on the grounds that his 2004 conviction for Arizona second-degree burglary was not a crime of violence warranting a Base Offense Level enhancement under U.S.S.G. § 2K2.1(a)(2). At oral argument, however, Defense counsel conceded that Felix's argument in this regard is foreclosed by this Court's decisions in *U.S. v. Park*, 649 F.3d 1175, 1177 (9th Cir. 2011) and *U.S. v. Terrell*, 593 F.3d 1084 (9th Cir. 2010). Accordingly, the district court correctly interpreted and applied the sentencing guidelines in this case.

**AFFIRMED.**