
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50534 |
| Plaintiff - Appellee, | D.C. No. 5:10-cr-00070-VAP-1 |
| v. | |
| JOEL CLEVE MILLER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted November 8, 2013
Pasadena, California

Before: FISHER and CLIFTON, Circuit Judges, and SINGLETON, District
Judge.[**]

Joel Cleve Miller appeals his conviction for possession of an AK-47

machine gun in violation of 18 U.S.C. § 922(o)(1). Finding evidentiary error, we

vacate the conviction and remand for further proceedings.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable James K. Singleton, Senior United States District Judge
for the District of Alaska, sitting by designation.

**1.** The district court abused its discretion by precluding Miller from calling two witnesses to testify about their alleged extramarital affair. Their testimony about the affair would have corroborated Miller's testimony and bolstered his defense that he was framed in retaliation for threatening to report the alleged affair to military authorities. If the jurors believed the affair took place, they may have been more likely to believe that Miller was framed, that the AK-47 was actually Christopher Bruce's and that Miller was unaware that the AK-47 was fully automatic. Corroborating evidence about the affair also may have led the jury to question the credibility of two important government witnesses, Tina Loewenberg and Michael Stults. If Miller's ex-wife was framing him, these witnesses, who were her friends, may have been influenced to give false testimony. The excluded evidence therefore would have been helpful to the defense.

The government has offered two theories upon which to sustain the exclusion of the testimony, neither of which is persuasive. First, on this record, there is no basis to conclude that Miller sought to call these witnesses for the primary purpose of impeaching them with otherwise inadmissible evidence. *See United States v. Gilbert*, 57 F.3d 709 (9th Cir. 1995) (per curiam); *United States v. Crouch*, 731 F.2d 621 (9th Cir. 1984). Second, Miller did not seek to call these

witnesses for the sole purpose of impeaching them, but rather to elicit substantive evidence of the alleged affair, which would have bolstered his defense.

When we discover an error not of constitutional magnitude, we must reverse unless there is a fair assurance of harmlessness or, stated otherwise, unless it is more probable than not that the error did not materially affect the verdict. *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 (9th Cir. 2005). The burden to show the harmlessness of the error is on the government. *See id.* The government has not satisfied its burden here. Evidence of the affair would have bolstered Miller's theory of the case and might have undermined the credibility of two key government witnesses, including the only witness (Stults) who presented direct evidence that Miller knew the AK-47 was fully automatic. The evidence of guilt was not so overwhelming as to render the error harmless. Nor can we dismiss the excluded testimony as cumulative: corroborating testimony is not cumulative when it bolsters the defendant's contested version of the facts. *See United States v. Ibisevic*, 675 F.3d 342, 351 (4th Cir. 2012).

**2.** Because we hold that the error requires us to vacate Miller's conviction, we need not decide whether the error denied Miller his constitutional right to present a defense. *See United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010).

3

**3.** We reject Miller's argument that the district court committed reversible error when it failed to compel the government to grant use immunity to two witnesses. The record does not support the conclusion that the prosecution intentionally caused these witnesses to invoke the Fifth Amendment privilege against self-incrimination with the purpose of distorting the factfinding process, or that "the prosecution granted immunity to a government witness in order to obtain that witness's testimony, but denied immunity to a defense witness whose testimony would have directly contradicted that of the government witness, with the effect of so distorting the fact-finding process that the defendant was denied his due process right to a fundamentally fair trial." *United States v. Straub*, 538 F.3d 1147, 1162 (9th Cir. 2008). Given that Ms. Miller and Bruce would have directly contradicted government witnesses only on minor points, there was no denial of due process.

**VACATED AND REMANDED.**