STATE OF NORTH CAROLINA v. ROBERT LEWIS STYLES, Defendant

No. 9324SC842

(Filed 4 October 1994)

**1. Criminal Law § 304 (NCI4th)— marijuana crimes on different dates—consolidation for trial**

The trial court did not abuse its discretion in denying defendant's motion to sever and in granting the State's motion to join for trial 11 September 1992 charges against defendant of maintaining a dwelling for keeping and selling marijuana and possession of marijuana with the intent to sell and deliver and a 12 October 1992 charge for selling marijuana to a minor since defendant's scheme to sell and distribute marijuana for a profit was a common thread connecting all of the crimes.

**Am Jur 2d, Actions § 159.5; Criminal Law § 20.**

**Consolidated trial upon several indictments or informations against same accused, over his objection. 59 ALR2d 841.**

**2. Searches and Seizures § 105 (NCI4th)— affidavit for search warrant—confidential informant—double hearsay**

Information contained in an affidavit for a warrant to search defendant's apartment for marijuana and on the face of the war-

rant was insufficient to establish probable cause for issuance of the warrant where the affiant stated only that a confidential informant had stated "that two other men had been to the apartment on 9-10-92 and saw large quantities of marijuana in the apartment," and that the informant "has given me reliable information in the past," since the affiant did not adequately explain why this "double hearsay" was credible, and the magistrate had no way of knowing whether the informant was with the two men, if he observed the two men, or if the two men told the informant what happened. Therefore, the trial court erred by denying defendant's motion to suppress evidence seized as a result of the search of defendant's apartment pursuant to the warrant.

**Am Jur 2d, Searches and Seizures §§ 120, 121.**

**Sufficiency of affidavit for search warrant based on affiant's belief, based in turn on information, investigation, etc., by one whose name is not disclosed. 14 ALR2d 605.**

**Propriety of considering hearsay or other incompetent evidence in establishing probable cause for issuance of search warrant. 10 ALR3d 359.**

Appeal by defendant from judgments entered 28 April 1993 by Judge Charles C. Lamm in Mitchell County Superior Court. Heard in the Court of Appeals 22 August 1994.

*Attorney General Michael F. Easley, by Assistant Attorney General Douglas A. Johnston, for the State.*

*William A. Leavell, III for defendant-appellant.*

JOHNSON, Judge.

Defendant was charged and indicted for the offenses of maintaining a dwelling for keeping and selling controlled substances (92CRS942), possession with the intent to sell and deliver marijuana (92CRS943), and sale or delivery of a controlled substance to a person under sixteen years of age (92CRS1056). These charges came on for trial at the 26 April 1993 term of Mitchell County Superior Court.

State's evidence tended to show the following: On 8 August 1992, defendant offered a fourteen-year-old girl beer and marijuana at his apartment. The girl observed defendant sell marijuana to two men. On 11 September 1992, after obtaining a search warrant, officers went

to defendant's home and found ten bags of marijuana (each weighing one quarter ounce) in various places throughout the house. The officers arrested defendant.

On 12 October 1992, Sheriff Vernon Bishop went to Harris Middle School where he met with the school principal and a male student who had several bags of marijuana. The student admitted that he bought the marijuana from defendant the previous day; that he had called defendant to ask if he had any marijuana, and the price; and that he then made up a story about a friend's grandmother's death so that his father would give him a ride to the area where defendant lived. The student further stated that he then went to defendant's apartment and purchased a bag of marijuana; that after the purchase, the student used a neighbor's phone to call his father to come and pick him up; and that the next day, the student took the marijuana to school and gave it to other students.

Defendant testified that on 8 August 1992, the fourteen-year-old girl came to his apartment and observed two men who wanted to buy marijuana. Defendant told the men he did not sell marijuana but would give marijuana to them. Defendant admitted he gave the men two or three joints. Defendant denied giving any marijuana to the girl. Defendant said the men gave marijuana to the girl.

Defendant further testified that on 11 October 1992, the student from Harris Middle School called him but that the phone connection was bad. Defendant denied any mention of marijuana in the conversation, stating that when the student came to defendant's apartment, the student talked to Jackie Ledford, who lived with defendant, and then left to meet his father. Defendant denied selling any marijuana to the student. Defendant did admit to the possession of the ten bags of marijuana which he claimed were for his own personal use.

Defendant was convicted of selling marijuana to a minor, knowingly keeping a building for the purpose of keeping or selling controlled substances, and possession of marijuana with intent to sell. Defendant received a sentence of twenty-five years in prison. Defendant filed notice of appeal to our Court.

[1] Defendant first argues that the trial court committed reversible error in denying defendant's motion to sever cases 92CRS942 and 92CRS943 from case 92CRS1056, and in granting the State's motion to join those same offenses, because the offenses were not properly joinable under North Carolina General Statutes § 15A-926 (1988) and

should have been severed pursuant to North Carolina General Statutes § 15A-927 (1988).

North Carolina General Statutes § 15A-926(a) provides:

(a) Joinder of Offenses.—Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan.

In *State v. Kornegay*, 313 N.C. 1, 326 S.E.2d 881 (1985), our Supreme Court held that separate charges of obtaining property by false pretenses, embezzlement and malfeasance of a corporate agent were properly joined because the defendant had a scheme to embezzle funds from his law firm. The Supreme Court stated that the trial court did not abuse its discretion in joining the cases because "[t]he common thread connecting the crimes is defendant's shortage of ready cash in April of 1982." *Id.* at 24, 326 S.E.2d at 898. In *Kornegay* there was sufficient evidence of a "transactional connection" to support joinder of the offenses.

In the instant appeal, the charges of 11 September 1992 (knowingly keeping a dwelling for the purpose of keeping or selling controlled substances and possession of marijuana with intent to sell and deliver) were joined with the charge of 12 October 1992 (selling marijuana to a minor). The "common thread" is the selling and distribution of marijuana. The "scheme" was to sell the illegal substance for profit. "Motions to join for trial offenses which have the necessary transactional connection under G.S. 15A-926 are addressed to the discretion of the trial court and, absent a showing of abuse of discretion, its ruling will not be disturbed on appeal." *Kornegay*, 313 N.C. at 23-24, 326 S.E.2d at 898, *quoting State v. Avery*, 302 N.C. 517, 524, 276 S.E.2d 699, 704 (1981). (*See also State v. Harding*, 110 N.C. App. 155, 162, 429 S.E.2d 416, 421 (1993), where some fifteen indictments for drug charges against defendant were properly joined because "the transactions were closely related in time and nature under the circumstances.") We find that the trial court herein did not abuse its discretion and properly joined these cases.

[2] Defendant next argues the trial court committed reversible error in denying defendant's motion to suppress evidence seized as a result of a search of defendant's apartment made pursuant to a search warrant dated 11 September 1992 because the affidavit in the application

for the search warrant did not provide a sufficient basis for a finding of probable cause to search defendant's apartment. We agree with defendant.

When presented with an application for a search warrant, it is the duty of the magistrate to make a practical common sense decision given all of the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, that there is a fair probability that contraband will be found. *State v. Arrington*, 311 N.C. 633, 319 S.E.2d 254 (1984). *See* North Carolina General Statutes § 15A-245 (1988). The U.S. Supreme Court has adopted a totality of the circumstances analysis of probable cause that examines the entire affidavit, gives appropriate weight to each relevant piece of information, and assesses the various indications of reliability or unreliability in an informant's report. *Illinois v. Gates*, 462 U.S. 213, 76 L.Ed.2d 527 (1983). "[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case." *Id.* at 234, 76 L.Ed.2d at 545.

We note that pursuant to North Carolina General Statutes § 15A-245, the magistrate

> may examine on oath the applicant or any other person who may possess pertinent information, but information other than that contained in the affidavit may not be considered by the issuing official in determining whether probable cause exists for the issuance of the warrant unless the information is either recorded or contemporaneously summarized in the record or on the face of the warrant by the issuing official.

A review of North Carolina cases indicates that when an affidavit is based on hearsay, the affidavit usually contains some of the underlying circumstances from which the affiant's informer concluded that the articles sought were where the informer claimed they were, and usually contains the underlying circumstances from which the affiant concluded that the informer was credible and his information reliable. In the instant case, the application for the search warrant contained *double* hearsay information. The application states in its entirety:

> I [Deputy Bishop] being first duly sworn, do hereby swear the following to be true to the best of my knowledge and based upon

STATE v. STYLES

[116 N.C. App. 479 (1994)]

personal knowledge. and upon information I received from a confidential informant. That [defendant] is a known felon with a large criminal record. He has been convicted of possession of marijuana in the past two years and is [sic] been reported to me before on many occasions for selling controlled substances. In addition to this I received information today that [defendant] has a large quantity of marijuana in his possession today. This was relayed to me by a confidential reliable informant who stated that two other men had been to the apartment on 9-10-92 and saw large quantities of marijuana in the apartment. This informant has given me reliable information in the past which led to arrests.

In the instant case, the affiant did not adequately explain on the search warrant why this "double hearsay" was credible. The deputy only states that the informant has given the deputy reliable information in the past. The magistrate had no way of knowing whether the informant was with the two men, if he observed the two men, or if the two men told the informant what happened. Although the magistrate questioned the deputy further about the application, the deputy provided the magistrate with no additional information. As such, we believe that the information contained in the affidavit and on the face of the warrant was inadequate to establish that probable cause existed for the issuance of the warrant. *See State v. Roark*, 83 N.C. App. 425, 427, 350 S.E.2d 153, 154 (1986), where our Court stated, "[I]t was error for the magistrate to issue search warrants based on affidavits which only said a 'reliable and confidential informant personally contacted the applicant with the information' that stolen property was on the premises of defendant." *See also State v. Heath*, 73 N.C. App. 391, 326 S.E.2d 640 (1985). (*Cf. State v. Hicks*, 60 N.C. App. 116, 298 S.E.2d 180 (1982), *disc. review denied*, 307 N.C. 579, 300 S.E.2d 553 (1983), where the magistrate's handwritten notes made contemporaneously from information supplied by the affiant under oath, but not attached to the warrant in order to protect the identity of the informant, were properly considered while determining probable cause.)

We, therefore, hold that the trial court committed reversible error in denying defendant's motion to suppress the evidence seized pursuant to the search warrant dated 11 September 1992.

Defendant is entitled to a new trial.

Judges ORR and WYNN concur.