STATE OF NORTH CAROLINA v. ELISHA LEE MONTFORD

No. COA99-530

(Filed 18 April 2000)

**1. Criminal Law— joinder—sale and delivery of cocaine—transactional connection**

The trial court did not err in consolidating for trial the two sale and delivery of cocaine offenses under N.C.G.S. § 15A-926(a) because: (1) the two offenses have a transactional connection since the offenses are identical, both involved selling cocaine to the same person, both involved the same place of sale, both

involved the same quantity of cocaine sold, and only three weeks elapsed between the commission of each offense; and (2) joinder of the offenses did not impede defendant's ability to receive a fair trial and to put on his defense since the State used the same witnesses for both offenses, the same evidence would have been introduced had the trials been separate, and the evidence of the other offense would have been admissible at each trial under N.C.G.S. § 8C-1, Rule 404(b) to show intent and/or knowledge.

**2. Indictment and Information— amendment—habitual felon—harmless error**

Although defendant contends the trial court improperly permitted the State to amend its habitual felon indictment by inserting "in North Carolina" after each listed felony when the original indictment listed that defendant's three prior felony convictions occurred in Carteret County, any perceived error was harmless because the original indictment itself was not flawed since the association of Carteret County with North Carolina at the top of the indictment, coupled with the subsequent listing of Carteret County as the locale of the prior felony convictions, is sufficient to indicate the state against whom the prior felonies were committed as required by N.C.G.S. § 14-7.3.

**3. Evidence— prior crime or act—drug sales—intent—common plan or purpose—identity**

The trial court did not err in a case involving two sale and delivery of cocaine offenses by denying defendant's motion for a mistrial based on the admission of testimony from a detective that the informant had previously been arrested for buying cocaine from defendant and agreed to help the police catch defendant, because the evidence of defendant's prior drug sales was admissible under N.C.G.S. § 8C-1, Rule 404(b) to prove intent, to show a common plan or purpose, and to identify defendant as the one selling the cocaine.

**4. Constitutional Law— effective assistance of counsel—failure to request jury instruction on defendant's silence**

Defendant was not denied effective assistance of counsel in a case involving two sale and delivery of cocaine offenses by his counsel's failure to request that the jury be instructed on defendant's failure to testify at trial because: (1) the absence of this instruction did not arise to the level of plain error since the trial court is not required to instruct on a defendant's silence unless a

specific request has been made; and (2) counsel may choose no instruction in order not to emphasize defendant's silence.

**5. Constitutional Law— effective assistance of counsel—sentencing hearing—failure to call witnesses**

Defendant was not denied effective assistance of counsel in a case involving two sale and delivery of cocaine offenses by his counsel's failure to call any witnesses at defendant's sentencing hearing because counsel made a short argument advocating lenient sentencing, and the Court of Appeals has previously held that total silence by defense counsel at a sentencing hearing cannot be grounds for ineffective assistance.

**6. Constitutional Law— effective assistance of counsel—failure to cross-examine a witness—strategic and tactical decision**

Defendant was not denied effective assistance of counsel in a case involving two sale and delivery of cocaine offenses by his counsel's failure to cross-examine a detective about a wire that was placed on an informant during one of the drug sales, which apparently malfunctioned, because strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.

Appeal by defendant from judgments entered 4 September 1997 by Judge Jerry R. Tillett in Carteret County Superior Court. Heard in the Court of Appeals 23 February 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General K.D. Sturgis, for the State.*

*James Q. Wallace, III for defendant-appellant.*

LEWIS, Judge.

Defendant was indicted on two counts of sale and delivery of cocaine, in violation of N.C. Gen. Stat. § 90-95(a)(1). The first count was based upon a cocaine sale to Larry Godwin, a police informant, that occurred on 23 January 1997. The second count was based upon a cocaine sale to Mr. Godwin that occurred on 14 February 1997. On 5 May 1997, the grand jury also returned an habitual felon indictment against defendant. The two sale and delivery counts were thereafter consolidated for trial, and defendant made no motion to sever the two offenses. Defendant was then tried at the 3 September 1997 Session

of Carteret County Superior Court, where a jury convicted him of both sale and delivery offenses. Defendant now appeals, bringing forth four arguments.

[1] In his first assignment of error, defendant contests the consolidation of the two sale and delivery offenses for trial. Specifically, he contends that the trial court had no authority to join the offenses because there was no transactional connection between the two cocaine sales. We disagree.

Unfortunately, our case law with respect to joinder of offenses has been rather muddled. Our Legislature has implemented the following rule regarding joinder of offenses:

> Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan.

N.C. Gen. Stat. § 15A-926(a) (1999). Pursuant to this rule, a two-step analysis is required for all joinder inquiries. First, the two offenses must have some sort of transactional connection. *State v. Corbett*, 309 N.C. 382, 387, 307 S.E.2d 139, 143 (1983). Whether such a connection exists is a question of law, fully reviewable on appeal. *State v. Holmes*, 120 N.C. App. 54, 61, 465 S.E.2d 915, 920, *disc. review denied*, 342 N.C. 416, 465 S.E.2d 545 (1995). If such a connection exists, consideration then must be given as to "whether the accused can receive a fair hearing on more than one charge at the same trial," i.e., whether consolidation "hinders or deprives the accused of his ability to present his defense." *State v. Silva*, 304 N.C. 122, 126, 282 S.E.2d 449, 452 (1981). This second part is addressed to the sound discretion of the trial judge and is not reviewable on appeal absent a manifest abuse of that discretion. *Holmes*, 120 N.C. App. at 62, 460 S.E.2d at 920. We hold that joinder satisfies both parts here.

With respect to the transactional connection inquiry, we point out that, under prior law, such a connection could be established merely if the two offenses were similar in character. N.C. Gen. Stat. § 15A-926, Official Commentary. Under present law, however, similarity of crimes alone is insufficient to create the requisite transactional connection. *State v. Bracey*, 303 N.C. 112, 117, 277 S.E.2d 390, 393 (1981). Rather, consideration must be given to several factors, no one of which is dispositive. These factors include: (1) the nature of the

offenses charged; (2) any commonality of facts between the offenses; (3) the lapse of time between the offenses; and (4) the unique circumstances of each case. *State v. Herring*, 74 N.C. App. 269, 273, 328 S.E.2d 23, 26 (1985), *aff'd per curiam*, 316 N.C. 188, 340 S.E.2d 105 (1986).

Here, the offenses for which defendant was being tried are identical, sale and delivery of cocaine. Furthermore, the facts involved in each offense are nearly identical. Both involved selling cocaine to the same person, Mr. Godwin. Both involved the same place of sale, defendant's mobile home. And both involved the same quantity of cocaine sold, i.e., fifty dollar's worth. Finally, only three weeks elapsed between the commission of each offense.

In this regard, we find *State v. Styles*, 116 N.C. App. 479, 448 S.E.2d 385 (1994), *disc. review denied*, 339 N.C. 620, 454 S.E.2d 265 (1995), particularly illustrative. In that case, the trial judge consolidated two drug offenses for trial, possession of marijuana with intent to sell and sale of marijuana to a minor, even though the two offenses occurred more than a month apart. *Id.* at 480, 448 S.E.2d at 386. We held that the requisite transactional connection existed because both offenses shared a common thread of facts and a common motive. *Id.* at 482, 448 S.E.2d at 387. Specifically, we reasoned, "The 'common thread' is the selling and distribution of marijuana. The 'scheme' was to sell the illegal substance for profit." *Id.* Similarly, this case involves a common thread of selling cocaine and a common scheme of doing so for a profit. Accordingly, the requisite transactional connection exists. *See also State v. Bracey*, 303 N.C. at 118, 277 S.E.2d at 394 (holding that three robberies over a ten-day span shared a transactional connection); *State v. Breeze*, 130 N.C. App. 344, 355, 503 S.E.2d 141, 148 (holding that ten different robberies over a two-month span shared a transactional connection), *disc. review denied*, 349 N.C. 532, 526 S.E.2d 471 (1998).

Having concluded that the two drug offenses shared a transactional connection, we next ascertain whether joinder of the offenses impeded defendant's ability to receive a fair trial and put on his defense. *Silva*, 304 N.C. at 126, 282 S.E.2d at 452. We conclude that it did not. First of all, the State used the same witnesses to present the evidence as to both offenses. Furthermore, the same evidence would have been introduced had the trials been separated. Specifically, evidence of the January drug sale still would have been admissible at a trial on just the February drug charge (and vice versa), because such

evidence would have been admissible under Rule 404(b) to show intent and/or knowledge. *See State v. Richardson*, 36 N.C. App. 373, 375, 243 S.E.2d 918, 919 (1978) ("In drug cases, evidence of other drug violations is relevant and admissible if it tends to show plan or scheme, disposition to deal in illicit drugs, knowledge of the presence and character of the drug, or presence at and possession of the premises where the drugs are found."). Accordingly, the trial court did not abuse its discretion in concluding that defendant's ability to receive a fair trial was not hindered by consolidation.

[2] In his second assignment of error, defendant argues that the trial court improperly permitted the State to amend his habitual felon indictment. The original indictment listed three previous felonies for which defendant had been convicted, but did not specifically state that such felonies had been committed against the State of North Carolina. Instead, the indictment simply listed that the convictions had occurred in Carteret County. The prosecutor thereafter sought to amend the indictment by inserting "in North Carolina" after each listed felony. The trial court allowed the amendment. However, we need not even address the amendment issue, as we conclude that the original indictment itself was not flawed and thus any attempt to correct that perceived flaw was harmless.

N.C. Gen. Stat. § 14-7.3 sets forth the pleading requirements for an habitual felon indictment. Specifically, that statute states:

> An indictment which charges a person with being an habitual felon must set forth . . . the name of the state or other sovereign against whom said felony offenses were committed . . . .

N.C. Gen. Stat. § 14-7.3 (1999). However, our courts have not required rigid adherence to this rule. In fact, "the name of the state need not be expressly stated if the indictment sufficiently indicates the state against whom the felonies were committed." *State v. Mason*, 126 N.C. App. 318, 323, 484 S.E.2d 818, 821 (1997). This is so because the main purpose of the felony indictment is simply to provide notice to the defendant that he will be tried as a recidivist. *State v. Williams*, 99 N.C. App. 333, 335, 393 S.E.2d 156, 157 (1990).

Here, the original indictment sufficiently indicated the state against whom the prior felonies were committed. "State of North Carolina" explicitly appears at the top of the indictment, followed by "Carteret County." Thus, Carteret County is clearly linked with the state name. Although "State of North Carolina" does not again appear

when the prior felonies are set out, "Carteret County" does—as the locale of the prior felony convictions. The association of Carteret County with North Carolina at the top of the indictment, coupled with the subsequent listing of Carteret County as the locale of the prior felony convictions, is sufficient to indicate the state against whom the prior felonies were committed. Because the original indictment itself was not flawed, any issue with respect to amending that indictment is essentially moot, for the amendment could not have in any way prejudiced defendant.

**[3]** Next, defendant contests the trial court's denial of his motion for mistrial based upon an alleged improper admission of evidence in violation of Rule 404(b). During the State's case-in-chief, the prosecutor questioned Detective M.L. Arter as to how Mr. Godwin came to be an informant for the police. Detective Arter testified that Mr. Godwin had previously been arrested for buying cocaine and that he agreed to help the police catch the individual who sold him the cocaine, namely defendant. Defendant argues that this testimony was inadmissible as evidence of a prior cocaine sale between defendant and Mr. Godwin for which defendant was not on trial. We conclude that admission of this evidence was proper and therefore uphold the trial court's ruling on defendant's motion for mistrial.

Under our Rules of Evidence, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C.R. Evid. 404(b). As previously pointed out, in drug cases, evidence of other drug violations is often admissible to prove many of these purposes. *Richardson*, 36 N.C. App. at 375, 243 S.E.2d at 919. The evidence here was admissible for at least three such purposes. First, it was admissible to prove intent. *See State v. Johnson*, 13 N.C. App. 323, 325, 185 S.E.2d 423, 425 (1971) (allowing evidence of a prior transaction between defendant and an informant to prove intent), *appeal dismissed*, 281 N.C. 761, 191 S.E.2d 364 (1972). Second, such evidence could be used to prove a common plan or scheme. *See State v. Trueblood*, 46 N.C. App. 545, 547, 265 S.E.2d 664, 666 (1980) (allowing evidence of prior cocaine purchases between defendant, his co-conspirators, and an undercover officer because such evidence "was but a part of a series of transactions . . . in pursuance of their plan and design to sell and deliver cocaine"). And finally, evidence of the prior

drug sale here was admissible to identify defendant as the one selling the cocaine. *See State v. Shields*, 61 N.C. App. 462, 464, 300 S.E.2d 884, 886 (1983) (allowing evidence of a prior marijuana sale between defendant and an undercover officer to prove identity). Accordingly, we reject defendant's argument.

In his final assignment of error, defendant claims he was denied effective assistance of counsel in violation of the Sixth Amendment. In order to substantiate a claim for ineffective assistance, a defendant must demonstrate two things: (1) his counsel's performance was deficient such that his counsel was basically not functioning as legal "counsel" at all; and (2) he was prejudiced by his counsel's ineffectiveness in such a way that he was deprived of a fair trial—"a trial whose result is reliable." *State v. Braswell*, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985). A stringent standard of proof is required to substantiate ineffective assistance claims. *State v. Sneed*, 284 N.C. 606, 613, 201 S.E.2d 867, 871 (1974). In fact, our Supreme Court has cautioned that relief based upon such claims should be granted only when counsel's assistance is "so lacking that the trial becomes a farce and mockery of justice." *State v. Pennell*, 54 N.C. App. 252, 261, 283 S.E.2d 397, 403 (1981), *disc. review denied*, 304 N.C. 732, 288 S.E.2d 804 (1982). With these principles in mind, we now consider defendant's claim for ineffective assistance here.

[4] First, defendant claims his counsel was ineffective in failing to request that the jury be instructed on his decision not to testify at trial. We disagree. "[I]n order to show ineffective assistance of counsel because of the failure to request jury instructions, the defendant must show that without the requested instructions there was plain error in the charge." *State v. Swann*, 322 N.C. 666, 688, 370 S.E.2d 533, 545 (1988). Here, absence of an instruction as to defendant's silence cannot be said to have created plain error in the charge because a trial judge is not required to instruct on a defendant's silence unless a specific request has been made. *See State v. Cawthorne*, 290 N.C. 639, 649, 227 S.E.2d 528, 534 (1976). Counsel may well choose no instruction so as not to emphasize the defendant's silence. Defendant's first ground for ineffective assistance is without merit.

[5] Second, defendant claims ineffective assistance based upon his counsel's failure to call any witnesses at his sentencing hearing. We have previously rejected this as a ground in a case where the defense counsel was completely silent at the sentencing hearing. *See State v. Taylor*, 79 N.C. App. 635, 637, 339 S.E.2d 859, 861, *disc. review*

*denied,* 317 N.C. 340, 346 S.E.2d 146 (1986). Here, although no witnesses were called, counsel did make a short argument advocating lenient sentencing. If total silence cannot be grounds for ineffective assistance, then this situation surely clears the hurdle.

**[6]** Last, defendant asserts he was denied effective assistance because his counsel did not cross-examine Detective Arter about a wire that was placed on Mr. Godwin during one of the drug sales, which apparently malfunctioned. " 'The decisions on what witnesses to call, whether and *how to conduct cross-examination,* . . . and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.' Trial counsel are necessarily given wide latitude in these matters." *State v. Milano,* 297 N.C. 485, 495, 256 S.E.2d 154, 160 (1979) (emphasis added) (citation omitted), *overruled on other grounds by State v. Grier,* 307 N.C. 628, 300 S.E.2d 351 (1983). Given this wide latitude in matters regarding cross-examination, we conclude that the failure to cross-examine Detective Arter about the wire did not render defense counsel's assistance constitutionally defective. *See State v. Swindler,* 129 N.C. App. 1, 10, 497 S.E.2d 318, 323-24 (holding no ineffective assistance when defense counsel did not cross-examine certain witnesses regarding matters that might have exposed inconsistencies in the State's case), *aff'd per curiam,* 349 N.C. 347, 507 S.E.2d 284 (1998); *State v. Seagroves,* 78 N.C. App. 49, 54, 336 S.E.2d 684, 688 (1985) (holding no ineffective assistance when defense counsel did not cross-examine a prison guard regarding his prior inconsistent statements), *disc. review denied,* 316 N.C. 384, 342 S.E.2d 905 (1986).

In sum, we conclude that defendant received a fair trial, free from prejudicial error.

No error.

Judges JOHN and EDMUNDS concur.