An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1332

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

STATE OF NORTH CAROLINA

v.

MARLON DEVON HARRIS

Mecklenburg County
Nos. 12 CRS 39332, 219403-04

Appeal by defendant from judgment entered 3 July 2013 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 4 August 2014.

*Attorney General Roy Cooper, by Assistant Attorney General Ebony J. Pittman, for the State.*

*Kevin P. Bradley for defendant-appellant.*

ERVIN, Judge.

Defendant Marlon Devon Harris appeals from a judgment sentencing him to a term of imprisonment based upon his convictions for possession of cocaine with the intent to sell or deliver, the sale of cocaine, and having attained the status of an habitual felon. On appeal, Defendant contends that he is entitled to relief from the trial court's judgment on the grounds that his trial counsel's failure to object to testimony

to the effect that, shortly before the transaction upon which the offenses that Defendant was convicted of committing occurred, investigating officers had seen him engaged in what appeared to be a hand-to-hand drug transaction with other individuals and failure to request the delivery of an instruction limiting the purposes for which the evidence could be considered deprived him of his constitutionally protected right to the effective assistance of counsel. After careful consideration of Defendant's challenge to the trial court's judgment in light of the record and the applicable law, we conclude that the trial court's judgment should remain undisturbed.

## I. Factual Background

### A. Substantive Facts

On 3 May 2012, Detectives Charlie Davis and Sidney Lackey of the Charlotte-Mecklenburg Police Department observed an African-American male with long dreadlocks who was wearing a red shirt, gray shorts, and red shoes engage in what appeared to be hand-to-hand drug transactions with multiple individuals along Tuckaseegee Road in Charlotte. After making these observations, Detective Davis and Officer Lackey decided that Officer Lackey, acting in an undercover capacity, should make contact with this individual, whom the officers identified as Defendant, in an

attempt to purchase drugs from him. As Detective Davis watched from a distance, Officer Lackey approached Defendant; asked if he had "a dub," with a "dub" being a street term for twenty dollars' worth of cocaine; and received an affirmative answer. As a result, Officer Lackey followed Defendant into a breezeway, where Defendant handed him a substance subsequently identified as .3 grams of crack cocaine and Officer Lackey handed Defendant twenty dollars. After confirming the suspect's identity with Detective Davis, Officer Jonathan Frisk of the Charlotte-Mecklenburg Police Department placed Defendant under arrest while he was walking in the Tuckaseegee Road area.

## B. Procedural History

On 3 May 2012, Magistrate's Orders charging Defendant with possession of cocaine with the intent to sell and deliver, the sale of cocaine, and the delivery of cocaine were issued. On 14 May 2012, the Mecklenburg County grand jury returned bills of indictment charging Defendant with possession of cocaine with the intent to sell or deliver, the sale of cocaine, and the delivery of cocaine. On 27 August 2012, the Mecklenburg County grand jury returned a bill of indictment charging Defendant with having attained the status of an habitual felon.

The charges against Defendant came on for trial before the trial court and a jury at the 1 July 2013 criminal session of

the Mecklenburg County Superior Court. On 3 July 2013, the jury returned verdicts convicting Defendant of possession of cocaine with the intent to sell or deliver, the sale of cocaine, and the delivery of cocaine. On the same date, Defendant entered a plea of guilty to having attained habitual felon status. At the conclusion of the ensuing sentencing hearing, the trial court arrested judgment in the case in which Defendant had been convicted of the delivery of cocaine, consolidated Defendant's remaining convictions for judgment, and entered a judgment sentencing Defendant to a term of 120 to 156 months imprisonment. Defendant noted an appeal to this Court from the trial court's judgment.

## II. Substantive Legal Analysis

In his sole challenge to the trial court's judgment, Defendant contends that he was deprived of his right to the effective assistance of counsel. More specifically, Defendant contends that he received constitutionally deficient representation from his trial counsel given the failure of his trial counsel to object to the testimony of Detective Davis and Officer Lackey concerning the other drug transactions that they observed prior to the purchase that Officer Lackey made from Defendant and to request the trial court to deliver an appropriate limiting instruction in the event that the

challenged evidence was, in fact, admissible for some non-propensity-related purpose.  We do not find Defendant's argument persuasive.

"When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." *State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984)).  To successfully assert an  ineffective assistance of counsel claim, a "defendant must prove that counsel's performance was so deficient as to deprive him of his right to be represented and that absent the deficient performance by defense counsel, there would have been a different result at trial."  *State v. Strickland*, 346 N.C. 443, 455, 488 S.E.2d 194, 201 (1997) (citing *Braswell*, 312 N.C. at 562-63, 324 S.E.2d at 248, which describes the applicable prejudice test as whether there is a "reasonable probability" that the outcome would have been different but for the allegedly deficient representation), *cert. denied*, 522 U.S. 1078, 118 S. Ct. 858, 139 L. Ed. 2d 757 (1998).  A reviewing court addressing an ineffective assistance of counsel claim "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged

deficiencies," so that, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be the case, that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069, 80 L. Ed. 2d at 699.

An ineffective assistance of counsel claim asserted on direct appeal may "be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *State v. Fair*, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001), *cert. denied*, 535 U.S. 1114, 122 S. Ct. 2332, 153 L. Ed. 2d 162 (2002). As a result of our inability to see how further evidentiary development would have any bearing on the proper resolution of the ineffective assistance of counsel claim that Defendant has advanced in this case, we will proceed to address Defendant's ineffectiveness claim on the merits.

According to Defendant, the testimony of Detective Davis and Officer Lackey concerning the drug transactions in which Defendant appeared to have engaged prior to the point at which he sold cocaine to Officer Lackey was inadmissible pursuant to N.C. Gen. Stat. § 8C-1, Rule 404(b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible

to prove the character of a person in order to show that he acted in conformity therewith," but "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment, or accident."  As the Supreme Court has clearly held, N.C. Gen. Stat. § 8C-1, "Rule 404(b) states a clear general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 279, 389 S.E.2d 48, 54 (1990) (emphasis omitted).  According to well-established North Carolina law, evidence concerning the drug transactions that Detective Davis and Officer Lackey observed before Officer Lackey purchased cocaine from Defendant would have been admissible for a number of purposes, including intent and identity. *See, e.g., State v. Montford*, 137 N.C. App. 495, 501-02, 529 S.E.2d 247, 252 (upholding the admission of evidence of other drug sales by the defendant for a number of purposes, including intent and identity), *cert. denied*, 353 N.C. 275, 546 S.E.2d 386 (2000). As a result, given that the evidence that underlies Defendant's ineffective assistance of counsel claim was, in fact, admissible

for certain purposes, we are unable to conclude that the mere failure of Defendant's trial counsel to object to the admission of the evidence at issue here constituted deficient representation.

Assuming, without deciding, that Defendant's trial counsel should have requested the trial court to instruct the jury that the evidence in question could only be considered for limited purposes, such as intent and identity, we are unable to see how the absence of such a limiting instruction prejudiced Defendant in light of the record developed at trial. As the record clearly reflects, both Detective Davis and Officer Lackey identified Defendant as the individual whom they saw engaging in what appeared to be hand-to-hand drug transactions in the Tuckaseegee Road area immediately prior to the time at which Officer Lackey purchased cocaine from Defendant. In addition, Officer Lackey clearly identified Defendant as the individual from whom he purchased cocaine. Finally, Officer Frisk placed Defendant under arrest in the same area in which the events described in the testimony of Detective Davis and Officer Lackey had occurred. Although the record does establish, as Defendant contends, that one or the other of the investigating officers lost sight of Defendant at various times and that neither drugs nor any significant amount of money were found on Defendant's

person at the time of his arrest, we are simply not persuaded that there is a "reasonable probability" that the jury would have acquitted Defendant if they had been instructed that the evidence of Defendant's earlier drug sales could only be considered for the purpose of showing Defendant's identity and intent. As a result, we do not believe that Defendant is entitled to relief from the trial court's judgment based upon his trial counsel's failure to request the delivery of a limiting instruction relating to the evidence of the drug sales that Defendant appeared to have made prior to selling cocaine to Officer Lackey.

### III. Conclusion

Thus, for the reasons set forth above, we conclude that neither aspect of Defendant's challenge to the trial court's judgment has merit. As a result, the trial court's judgment should, and hereby does, remain undisturbed.

NO ERROR.

Judges Robert C. HUNTER and STEPHENS concur.

Report per Rule 30(e).